IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RADIADYNE, L.L.C., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-4589 |
| | § | |
| POLYZEN, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss or Transfer [Doc. # 6] filed by Defendant Polyzen, Inc. ("Polyzen"), to which Plaintiff RadiaDyne, L.L.C. ("RadiaDyne") filed a Response [Doc. # 7], and Polyzen filed a Reply [Doc. # 8]. Having reviewed the full record, including pleadings from the lawsuit pending in the United States District Court for the Eastern District of North Carolina, the Court concludes that the two lawsuits substantially overlap.  As a result, the Motion to Transfer is **granted** and this case will be **transferred** to North Carolina for consolidation.

## I.    BACKGROUND

RadiaDyne is a medical device company in Houston, Texas.  John Isham is the founder of RadiaDyne.  Polyzen is a North Carolina company that develops and manufactures disposable medical products and devices.  Polyzen is the owner of

United States Patent No. 7,976,497 ("the '497 Patent") covering a medical balloon device.

On November 21, 2011, Polyzen filed a patent infringement lawsuit in the Eastern District of North Carolina, Civil Action No. 5:11-cv-662 (the "North Carolina Lawsuit"). On December 13, 2011, RadiaDyne filed a "Combined Motion to Dismiss Under Rule 12(b)(1) and to Correct Inventorship." In the motion, RadiaDyne asks the North Carolina court to correct the inventorship on the '497 Patent to add John Isham as an inventor. RadiaDyne then argues that Isham was an inventor who assigned his rights under the '497 Patent to RadiaDyne and, therefore, the North Carolina Lawsuit should be dismissed because not all necessary parties had joined as plaintiffs in the lawsuit.

On December 23, 2011, RadiaDyne filed the lawsuit before this Court. RadiaDyne alleges that Isham developed the concept for the balloon device covered by the '497 Patent and engaged Polyzen to manufacture the device for RadiaDyne. RadiaDyne alleges that Polyzen applied for the '497 Patent without informing RadiaDyne and without listing Isham as a co-inventor. RadiaDyne asserts causes of action for fraud, breach of contract, unfair competition under 15 U.S.C. § 1125(a), conversion, and trespass to chattels. RadiaDyne seeks a ruling that the '497 Patent is

properly its property, and asks the Court to require Polyzen to assign the patent to RadiaDyne.

Polyzen, advising this Court of the first-filed lawsuit in North Carolina, filed a Motion to Dismiss or Transfer.  The Motion has been fully briefed and is now ripe for decision.

## II.   <u>FIRST-FILED DOCTRINE</u>

The first-to-file doctrine provides that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir. 1999); *see Save Power Ltd. v. Syntek Finance Corp.,* 121 F.3d 947, 950 (5th Cir. 1997).  The first-to-file rule is "grounded in principles of comity and sound judicial administration."  *Id*.  This rule requires "federal district courts – courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs."  *Id.* (citation omitted); *see also Carter v. Nicholson*, 2007 WL 3316086, *4 (5th Cir. Nov. 8, 2007).  The seminal inquiry under the first-to-file rule is whether there is substantial overlap between the two cases.  *See Save Power Ltd.,* 121 F.3d at 950-51.  If the cases do not completely overlap, then the court considering transfer should consider whether the cases should be consolidated, the extent of the overlap, the likelihood of conflict, and the

comparative advantage and interest of each forum in resolving the dispute.  *Id.* (citation omitted).  The three primary concerns of the rule are: (1) to "avoid the waste of duplication;" (2) to "avoid rulings which may trench upon the authority of sister courts;" and (3) to "avoid piecemeal resolution of issues that call for a uniform result." *See id.* at 950.  The second-filed court should transfer an action to the first-filed court if it determines the issues in the two actions "might substantially overlap." *See Cadle Co.*, 174 F.3d at 606, *see also CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 251 (5th Cir. 2006) ("the prudent – and perhaps required – course would [be to] transfer the matter to the judge with the first-filed case . . .").

RadiaDyne notes correctly that the causes of action asserted in this case are state law claims and a federal Unfair Competition claim pursuant to 15 U.S.C. § 1125(a), while the cause of action in the North Carolina Lawsuit is alleged patent infringement.   A pivotal issue in both cases, however, is what interest, if any, RadiaDyne has in the '497 Patent.  In the North Carolina case, RadiaDyne asks the North Carolina court "to correct inventorship of the patent-in-suit by adding John Isham as an inventor on [the '497 Patent]." *See* RadiaDyne's Combined Motion to Dismiss and to Correct Inventorship, Doc. # 10 in North Carolina Lawsuit, p. 1.  In the case before this Court, RadiaDyne asks for a finding that "the '497 Patent is

properly the property of RadiaDyne" and for an order for "Polyzen to assign to RadiaDyne the '497 Patent." *See* Complaint [Doc. # 1], p. 13.

Although the causes of action in the two lawsuits are different, RadiaDyne asserts and seeks ownership of the '497 Patent in both lawsuits. Inconsistent rulings on this important issue could occur if the cases remain separate. As a result, the Court concludes that the two lawsuits substantially overlap, particularly on this significant issue.

The Court notes also that, because the two lawsuits substantially overlap, having the two cases proceed in different courts is an inefficient use of the time and resources of the parties and the judicial system. Because the North Carolina lawsuit is the first-filed, this case should be transferred to North Carolina where, at the discretion of the North Carolina court, it can be consolidated into the North Carolina lawsuit.

## III.   CONCLUSION AND ORDER

The North Carolina Lawsuit and this case substantially overlap because a crucial issue in both cases is what interest, if any, RadiaDyne has in the '497 Patent. Accordingly, it is hereby

**ORDERED** Polyzen's Motion to Transfer [Doc. # 6] is **GRANTED** and this case will be **TRANSFERRED** by separate order to the United States District Court

for the Eastern District of North Carolina, the court with the first-filed action, for

consolidation into the North Carolina Lawsuit.

SIGNED at Houston, Texas, this **24**[th] day of **February, 2012.**

Nancy F. Atlas
United States District Judge